

FILED & JUDGMENT ENTERED
David E. Weich

Oct 06 2008

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

```
            UNITED STATES BANKRUPTCY COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION


IN RE:                           )
                                 )
CARRIE BETH SMITH,               )
                                 )
                                 )   Case No. 08-31131
                                 )   Chapter 7
                 Debtor.         )
                                 )
```

**ORDER**

This matter is before the Court upon the Bankruptcy Administrators' Motion to Dismiss pursuant to 11 U.S.C. §707(b). A hearing was held on September 11, 2008, at which time the Court heard oral arguments by the Debtor and the Bankruptcy Administrator. The Court decided to take the matter under advisement and extended the opportunity for counsel to submit briefs. Both parties submitted briefs to the Court for review.

Assessing the merit of the Bankruptcy Administrator's Motion to Dismiss required this Court to take an in-depth look at the Code's history and language ultimately adopte

1

by Congress.  One conclusion that this Court can easily reach is the means test has perplexed many legal scholars, attorneys, and judges alike.

**I.   The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005**

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, P.L. 109-8, was enacted as "a comprehensive package of reform measures" designed to "improve bankruptcy law and practice by restoring personal responsibility and integrity in the bankruptcy system and ensure that the system is fair for both debtors and creditors." H.R. Rep. No. 109-31 at 2 (2005), reprinted in 2005 U.S.C.C.A.N. 89.  Reforming the Bankruptcy Code was in response to the "growing perception that bankruptcy relief may be too readily available and is sometimes used as a first resort, rather than a last resort." H.R. Rep. No. 109-31 at 4 (2005), reprinted in 2005 U.S.C.C.A.N. 90. Thus, in analyzing the statutory language relating to the means test, this Court recognizes the problems Congress sought to alleviate.

Under 11 U.S.C. §707(b), a Bankruptcy Court must presume that granting relief under Chapter 7 constitutes abuse when a debtor's "current monthly income" exceeds allowable expenses in a sufficient amount to enable a debtor to pay a specified amount of debt over a sixty-month

2

period. *In re* Mundy, 363 B.R. 407, 409 (Bankr. M.D. Pa. 2007). The calculation required under §707(b) is referred to as the "Means Test" and is performed by the completion of the Official Form 22A. *Id.* The mean's test purpose is to determine whether consumer debtors are actually in need of Chapter 7 relief and cannot afford to pay creditors in a Chapter 13, and, therefore, prevent abuse of the bankruptcy system. *In re Megginson*, 2007 WL 2609783, 3 (Bankr. D. M.D. 2007). Ordinarily, a Debtor that fails the means test will have his/her case dismissed by the Court. 11 U.S.C. §707(b)(1). Unique, case specific circumstances may, however, present a situation where dismissal is not warranted. *See* 11 U.S.C. §707(b)(2)(B)(i).

This Court adheres to the view that the means test and the existence of any special circumstance require a case-by-case assessment. *In re* Parulan, 387 B.R. 168, 172-73 (Bankr. E.D. Va. 2008) (Finding that whether a special circumstance exists must be made on a case-by-case basis, particularly because of the fact-specific nature of each issue).

Debtor's are required to file Form 22C indicating whether the presumption of abuse arises and the Bankruptcy Administrator, pursuant to §704(b)(1), must file with the Court a statement as to whether the Debtor's case would be

presumed to be an abuse under §707(b). However, the Bankruptcy Administrator has some discretion whether to seek a dismissal. Pursuant to §704(b)(2), the Bankruptcy Administrator must either file the motion or a statement within thirty (30) days of the §704(b)(1) statement setting forth the reasons why the Bankruptcy Administrator does not consider such a motion to be appropriate. 11 U.S.C. §704(b)(1-2). The Bankruptcy Administrator, therefore, may decline to file a motion where, despite the presumption of abuse, the circumstances indicate otherwise. This may have been a case in which to exercise that discretion.

While the Debtor "failed" the means test, the facts indicate this is not an abusive filing. The Debtor was laid off on December 31, 2007 and remains unemployed more than nine months post-termination. Almost six months before bankruptcy, the Debtor received a one-time severance package of $13,503.52 and vacation pay of $5,176.37. Based on the Debtor's schedules, it appears the severance/vacation payments were used for support during the six-months pre-petition. There is no indication that there remains any "pot of gold" from those payments. Thus, if Chapter 7 relief were denied, the case converted, and a Chapter 13 plan proposed, the plan would fail. The Debtor

4

remains unemployed and the monies received are gone. This Debtor could not feasibly fund a Chapter 13 case.

## II. Application of the Means Test

There are two divergent views with respect to application of the means test. Some courts apply the formulaic means test in a strict mechanical fashion. *See In re* Vaccariello, 375 B.R. 809, 811 (Bankr. N.D. Ohio 2007) (Referring to the means test as a strict mechanical test that, in essence, limits the court's discretion) (citing *In re* Harr, 360 B.R. 759, 767 (Bankr. N.D. Ohio 2007). Alternatively, in situations where strict adherence to the means test produces an absurd result, other courts treat the means test as slightly fluid. *See In re* Oliver, 350 B.R. 294, 300 (Bankr. W.D. Tex 2006)(Stating that the means test asks the court to make a ruling in large part based upon "plugged" and not actual numbers). Here, applying the means test in strict formulaic fashion produces an absurd result — a Debtor, who is still unemployed after six (6) months and lacks the financial resources to make any creditor payments is barred from bankruptcy relief.

## III. Implication of the Severance/Vacation Packages and Special Circumstances

As a technical matter, this Court could rest its decision solely on either an income reallocation or,

5

alternatively, a finding of special circumstances. Were the Court to consider this case solely on the definition of severance packages, the First, Third, and Ninth Circuits have all held that severance pay is based upon the employee's length of service. *See In re Health Maint. Found.,* 680 F.2d 619, 621 (9th Cir. 1982); *In re* Mammoth Mart, Inc., 536 F.2d 950, 952 (1st Cir. 1976); *In re* Public Ledger, 161 F.2d 762, 773 (3d Cir. 1947). Thus, there is some merit to the Debtor's argument the severance/vacation pay should be averaged out over a twelve-month period rather than a six-month period found in the statute.

Alternatively, the Court could determine the outcome solely based on the presence of special circumstances. The record indicates the severance/vacation pay funds were a one-time, extraordinary payment. These funds are long gone and entirely unavailable for use by the Debtor. If, however, those funds had been received one month prior to the bankruptcy filing and were available, then the outcome of this case would be entirely different.

Ultimately, this Court has two choices in applying the means test. The Court may deny the Motion to Dismiss and allow the Chapter 7 case to continue or this Court may Grant the Motion to Dismiss. If the latter, the debtor would likely re-file and would easily qualify in her new

6

case for the Chapter 7 relief she had been in denied in this case. This is a waste of judicial resources and an absurd result. This Court is inclined to opt for option one, denying the Motion to Dismiss and allowing the case to proceed.

Standing on this case's own facts, and for the reasons stated above, the Bankruptcy Administrator's Motion to Dismiss is **DENIED.**

**SO ORDERED.**

| | |
|---|---|
| **This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.** | **United States Bankruptcy Court** |